## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JONATHAN W.,**        **)** | |
|      **)** | |
|      **Plaintiff,**      **)** | |
|      **)** | |
| **v.**      **)** | **No. CIV-25-1167-SM** |
|      **)** | |
| **FRANK BISIGNANO,**      **)** | |
| **COMMISIONER**      **)** | |
| **OF SOCIAL SECURITY,**      **)** | |
|      **)** | |
|      **Defendant.**      **)** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Jonathan W.[1] (Plaintiff), seeks judicial review of the Commissioner of

Social Security's final decision that he was not "disabled" under the Social

Security Act. See 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented

to proceed before the undersigned for disposition. Docs. 14, 15; *see* 28 U.S.C. §

636(c).[2]

---

[1]     The Court refers to Plaintiff by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2]     Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that the Administrative Law Judge (ALJ) failed to properly analyze his subjective statements as required by SSR 16-3p; failed to undertake a function-by-function assessment as required by SSR 96-8p; and failed to properly consider Plaintiff's cervical radiculopathy, carpal tunnel, and uncontrolled diabetes mellitus and diabetic peripheral neuropathy in concluding that Plaintiff could perform tasks requiring manipulation. Doc. 5, at 8-31.

After careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the Court agrees the ALJ committed error that requires it to reverse and remand the Commissioner's decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## I.   Administrative determination.

### A.   Disability standard.

Plaintiff applied for disability benefits under the Social Security Act. AR 17; *see* 42 U.S.C. §§ 401, *et seq.*, 1381, *et seq*.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.     Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

### C.     Relevant findings.

#### 1.     ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 18-31; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since September 9, 2021, the alleged onset date;

(2) has the severe medically determinable impairments of degenerative disc disease, diabetes mellitus, neuropathy, carpal tunnel syndrome, obstructive sleep apnea, major depressive disorder, and generalized anxiety disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[3] ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b): meaning he can lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; he can sit for six hours during an eight-hour workday; he can stand or walk for six hours in an eight-hour workday—but with the following limitations: claimant is able to lift or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk up to 6 hours in an eight-hour workday and sit for 6 hours in an eight-hour workday; he can occasionally climb ramps or stairs, but is unable to climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch, and crawl; he claimant can frequently handle and fingering; he should not be exposed to hazards, such as unprotected heights or dangerous machinery; Further, he can claimant is able to understand, remember, and carry out simple instructions; he can have occasional contact with coworkers, which is defined as cumulatively comprising no more than 1/3 of the total workday; he should not have a job that requires them to communicate with or have direct interact with the general public;

(5) is unable to perform any past relevant work;

(6) was a younger individual on the date of alleged disability onset;

---

[3] "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

4

(7)     there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, merchandise marker, Dictionary of Occupational Titles (DICOT) 209.587-034; routing clerk, DICOT 222.687-022; and mail clerk, DICOT 209.687-026;

(8)     had not been under a disability since September 9, 2021.

AR 19-32.

### 2.    Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. § 404.981.

## II.    Judicial review of the Commissioner's decision.

### A.    Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v.*

*Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"). "[T]he threshold . . . is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v.*

6

*Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

> ### B.    The ALJ properly reviewed Plaintiff's subjective complaints.
>
> #### 1.    The evaluative process.

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2017 WL 5180304, at *3. First, the ALJ must make a threshold determination as to "whether there is an underlying medically determinable physical or mental impairment[] that could reasonably be expected to produce an individual's symptoms, such as pain." *Id*. Second, the ALJ must evaluate the intensity and persistence of the claimant's symptoms to determine how much they limit the individual's ability to perform work-related activities. *Id*.4

As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. § 404.1529(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and

---

4    Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation as a three-part test. *See, e.g., Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).

side effects of any medication the individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures a claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *See* SSR 16-3p, 2017 WL 5180304, at *7-8; *Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017). Statements the ALJ finds inconsistent with all the evidence will lead to a determination that "the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *8.

An ALJ's findings regarding a claimant's symptoms "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted). The ALJ is not required to perform a "'formalistic factor-by-factor recitation of the evidence[,]'" *Keyes-Zachary*, 695 F.3d at 1167 (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)), but simply "recit[ing] the factors" is insufficient. *See* SSR 16-3p, 2017 WL 5180304, at *10. In evaluating a claimant's subjective statements, the ALJ's opinion must "contain specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and . . . clearly articulated" for purposes of any subsequent review. *Id*. But the Court defers to an ALJ's symptom evaluation unless the Court finds that the ALJ

8

misread the medical evidence as a whole. *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

### 2. The ALJ's properly evaluated Plaintiff's allegations of pain, numbness, and tingling.

The ALJ summarized Plaintiff's testimony:

> [T]he claimant stated he lost his last job due to missing work due to appointments and managing his diabetes mellitus. The claimant also reported having post-traumatic stress disorder and stated he had flashbacks and sleep problems. He stated he had pain in his neck that radiated down his neck into his arms. He stated he has some tingling in his fingers. He indicated he had a hard time turning his neck. The claimant also reported having carpal tunnel syndrome with a history of surgery on his left hand and plans for surgery on the right hand. He said he had trouble gripping stuff, like water bottles. He indicated he had trouble lifting and carrying more than 10 pounds due to pain[.]

AR 23 (emphasis added).

After this summary, the ALJ reached this boilerplate conclusion:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

*Id.*

"But use of such boilerplate is problematic only when it appears in the absence of a more thorough analysis. In this case, the ALJ's decision referred to specific evidence in support of its conclusions." *Keyes-Zachary*, 695 F.3d at

1170 (quotation and citation omitted). Here, the ALJ went on to cite evidence supporting his reasons for finding Plaintiff's subjective complaints as to his pain and his limitations were not believable to the extent alleged, giving clear and specific reasons that were specifically linked to the evidence in the record. AR 23-29. In particular, the ALJ discussed medical records showing Plaintiff maintained normal gait and station with grossly intact sensation; full grip strength in both hands; symptom relief from his neuropathy with a steroid injection, left carpal tunnel decompression, and Gabapentin; and ultimately concluded that Plaintiff can perform work with restrictions. *Id.* There is no indication that the ALJ misread Plaintiff's medical evidence, and his evaluation of Plaintiff's subjective statements is entitled to deference. *See Keyes-Zachary*, 695 F.3d at 1172; *Kepler*, 68 F.3d at 391 ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."); *Casias*, 933 F.2d at 801.

### C. Substantial evidence supports the ALJ's RFC assessment of physical limitations and the ALJ did not violate SSR 96-8p.

"[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). When

the ALJ fails to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the Court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.

The ALJ's RFC assessment linked Plaintiff's ability to stand or walk for six hours of the workday to his "normal gait and station[.]" AR 25. The ALJ linked Plaintiff's ability to occasionally climb ramps or stairs but not ladders, ropes, or scaffolds and occasionally stoop, kneel, crouch, and crawl to "some findings of limited range of motion[,]" "[t]he combined effects of [Plaintiff's] diabetes mellitus, neuropathy, and carpal tunnel syndrome," and obstructive sleep apnea. *Id.* at 25-27. The ALJ found that it was appropriate to restrict Plaintiff to "frequent handling and fingering based on findings of tenderness in the trapezius areas[]" and "improvement of symptoms of carpal tunnel decompression of the left upper extremity and with the medication Gabapentin."[5] *Id.* at 25-26.

---

[5]    Notably, the ALJ found that the State Agency's conclusion concerning "the lack of postural, manipulative, and environmental limitations is unpersuasive." AR 29.

The RFC assessment must convey "what an individual can still do despite his or her limitations." SSR 98-6p, 1996 WL 374184, at *2. It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id*. This includes a discussion of the "nature and extent of" a claimant's physical limitations including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. § 404.1545(b). Further, this assessment requires the ALJ to make findings on "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" and to "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 98-6p, 1996 WL 374184, at *1, 7. Here, the ALJ has fulfilled his duty. Accordingly, Plaintiff's argument fails.

D. **The ALJ properly considered all of Plaintiff's impairments, including his diabetes and diabetic peripheral neuropathy, in determining Plaintiff's RFC.**

Plaintiff argues that the ALJ "failed to properly evaluate the effect of plaintiff's uncontrolled diabetes mellitus and diabetic peripheral neuropathy in assessing plaintiff's manipulative limitations." Doc. 5, at 23. At step two, the ALJ found that Plaintiff suffers from severe impairments of degenerative disc disease, diabetes mellitus, neuropathy, carpal tunnel syndrome, obstructive sleep apnea, major depressive disorder, and generalized anxiety disorder, and that these impairments "significantly limit the ability to perform basic work activities[.]" AR 19.

Social Security Ruling 14-2p sets forth how the Commissioner evaluates diabetes mellitus in disability claims. SSR 14-2p, 2014 WL 2472008, at *1-2 (June 2, 2014). Diabetes mellitus "is not a listed impairment for adults" at step three. *Id.* at *6. "However, the effects of [diabetes mellitus], either alone or in combination with another impairment(s), may meet or medically equal the criteria of a listing in an affected body system(s)." *Id.*

The ALJ "considered the claimant diagnoses [o]f diabetes mellitus, neuropathy, and carpal tunnel syndrome which caused symptoms of fatigue, tingling and numbness in the upper extremities[,]" and found that in combination these conditions "support a light residual functional capacity[.]" AR 25-26. Plaintiff fails to identify any specific evidence that the ALJ failed to consider regarding the manipulation limitations, and the record does not

reveal any such evidence. Further, as noted *supra*, the ALJ's RFC determination regarding Plaintiff's manipulation limitations is more restrictive than the lift and carry limitations opined by the state agency physicians. Accordingly, Plaintiff's argument fails.

Plaintiff's arguments surrounding his MRI results and stenosis do not change the Court's conclusion. Plaintiff points to no objective evidence in the record supporting the need for greater limitations than the ALJ imposed. Doc. 5, at 13-17. And the Court need not address Plaintiff's harmless error argument, as it finds that substantial evidence supports the ALJ's conclusions. *Id.* at 31.

## III.   Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 1st day of June, 2026.

_____

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE